**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Amber Ortega,

Plaintiff,

v.

Clark County, Nevada; et al.,

Defendants.

Case No. 2:26-cv-01140-ART-DJA

**Order**

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 1). Plaintiff has also filed a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint does not allege sufficient facts to state a claim upon which relief can be granted, the Court dismisses Plaintiff's complaint without prejudice and with leave to amend.

## I. *In forma pauperis* application.

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff does not have an income other than SNAP benefits. So, the Court finds that Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

## II. Legal standard for screening.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a

federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III. Screening Plaintiff's complaint.**

Plaintiff brings this civil rights action against Clark County, Nevada; Clark County Department of Family Services ("DFS"); Mercedez Salazar; Christal Sanders; Jennifer Scagnelli; Carmela Chavez; Patricia Torrez; and certain Doe Defendants. Plaintiff asserts that her action arises from the warrantless removal of her newborn child on December 29, 2025, by employees of DFS. Plaintiff asserts that Defendants did not possess a judicial warrant, court order, or contemporaneous determination that the child faced an imminent danger of serious bodily harm and that no exigent circumstances existed to justify removal of the child. The removal also occurred without law enforcement involvement. Instead dependency proceedings were initiated after seizure of the child to justify it after the fact.

Plaintiff asserts that Clark County is the municipal entity responsible for DFS policies and supervision. She asserts that DFS is the child welfare agency responsible for investigations and removals. She claims that Salazar was the DFS caseworker involved in the removal decision and participated in initiating or recommending the removal without ensuring that a contemporaneous exigency determination existed. She asserts that Chavez participated in the on-site investigation and execution of the removal. She claims that Torrez was the supervisory official involved in reviewing, approving, or ratifying the removal decision. She asserts that Sanders and Scagnelli were supervisory officials involved in oversight and failed to require or ensure that removal was supported by contemporaneous exigent circumstances. She claims that Does 1-20 are unknown individuals involved in authorization, direction, or execution of the removal.

Plaintiff alleges that Defendants were aware of her pregnancy and had advance notice of the circumstances later cited to support removal and that those circumstances were materially unchanged at the time of birth and removal. She claims that Defendants had the ability to seek judicial authorization prior to the child's birth, but did not do so. She adds that between the time Defendants became aware of her pregnancy and the date of removal, no new incident, escalation, or intervening circumstance occurred that created an immediate threat to the newborn.

On December 27, 2025, Plaintiff gave birth. She alleges that during the hospital related assessment, Plaintiff appropriately cared for and bonded with the newborn, there was no immediate safety threat identified, no removal occurred, and she and her child remained together. Plaintiff asserts that no contemporaneous exigency determination was made or documented. Nonetheless and despite no circumstances changing, on December 29, 2025, Defendants removed Plaintiff's newborn from the Shade Tree shelter. Plaintiff explains that prior to removal she was interviewed, shelter staff reported appropriate behavior, and no immediate safety concerns were identified.

Plaintiff alleges that a petition for child protection had been prepared prior to the date of removal and the existence of that petition prior to the removal demonstrates that Defendants had sufficient time to seek judicial authorization before removing the child. Plaintiff adds that there were less restrictive alternatives available including continued shelter placement, safety planning, and relative placement, but that Defendants did not use those alternatives. On December 30, 2025, dependency proceedings were initiated. On December 31, 2025, an amended petition was filed. Risk assessments and supporting documents were completed after removal. Plaintiff alleges that these were post-deprivation justifications rather than contemporaneous authorizations. Plaintiff alleges that "Defendants engaged in a pattern of" reliance on historical rather than contemporaneous facts, warrantless removals without documented exigency, and post-hoc justification through later filings. Plaintiff alleges that she suffered harm in the form of being separated from her newborn and the attendant bonding and ability to breastfeed. Plaintiff asserts that the dependency proceedings related to the newborn were subsequently dismissed. Plaintiff brings the following clams: (1) Fourth Amendment unreasonable seizure; (2) Fourteenth

Amendment procedural due process; (3) Fourteenth Amendment familial association; and (4) Monell liability. The Court addresses each in turn.

***A. Fourth Amendment unreasonable seizure.***

The Fourth Amendment governs the reasonableness of government searches and seizures. *See* U.S. Const., amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated … but upon probable cause …"). However, "[p]arents cannot assert that the seizure of their child violated their own Fourth Amendment rights." *Wagner v. County of Spokane*, 506 F.Supp.3d 1091, 1103 (E.D. Wash. 2020) (citing *Mabe v. San Bernardino Cty., Dep't of Pub. Social Services*, 237 F.3d 1101, 1111 (9th Cir. 2001)). Instead, the "Fourth Amendment protects a child's right to be free from unreasonable seizure by a social worker." *Id.* (citing *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 790-91 (9th Cir. 2016)). Here, Plaintiff appears to assert that her Fourth Amendment rights were violated by Defendants' seizure of her child. However, because Plaintiff cannot bring this claim under the Fourth Amendment, the Court dismisses it without prejudice and with leave to amend.

***B. Fourteenth Amendment procedural due process.***

The Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. The Supreme Court has stated that "the interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by this Court." *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (plurality opinion); *see also Santosky v. Kramer*, 455 U.S. 745, 753 (1982) (addressing the "Court's historical recognition that freedom of personal choice in matters of family life is a fundamental liberty interest protected by the Fourteenth Amendment"). Courts have characterized the right to familial association as having both a substantive and a procedural component. *See Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018). Regarding the substantive component, a parent has a fundamental liberty interest in companionship with his or her child. *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1079 (9th Cir. 2011). "A state may not interfere with this liberty interest, and indeed the violation of the right to family integrity is subject to

remedy under § 1983." *Id.* To amount to a violation of substantive due process, however, the harmful conduct must "shock the conscience" or "offend the community's sense of fair play and decency." *Id.* (cleaned up) (internal quotations omitted).

Here, while Plaintiff has alleged that Defendants have interfered with her liberty interest in the companionship of her child, Plaintiff has neither provided sufficient detail to allege that the conduct at issue "shocks the conscience" nor sufficient detail to show each Defendant's personal involvement. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant." *Id.* Other than stating the legal conclusions that Defendants removed her child without a court order or exigent circumstances, Plaintiff has not alleged facts about which Defendants took which specific actions in removing her child. So, the Court dismisses this claim without prejudice and with leave to amend.

***C. Fourteenth Amendment familial association.***

The right to familial association also has a procedural component. *Keates v. Koile*, 883 F.3d 1228, 1235–36 (9th Cir. 2018). The Fourteenth Amendment provides a guarantee "that parents will not be separated from their children without due process of law except in emergencies." *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1107 (9th Cir. 2001). Officials may not remove children from their parents without a court order unless they have "information at the time of the seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury." *Rogers v. County of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007) (internal quotation marks omitted). Such "reasonable cause" arises, for example, where there is evidence of imminent abuse after sufficient investigation. *Keates*, 883 F.3d at 1236-37. Thus "[s]erious allegations of abuse that have been investigated and corroborated" may give rise to a reasonable inference that children "might again be beaten or molested during the time it would take to get a warrant" unless the official takes the children into temporary custody. *Id*. Lack of health insurance, by contrast, does not provide a reasonable cause to believe a child is in imminent danger. *Id*. An official cannot seize children suspected of

being abused or neglected unless reasonable avenues of investigation are first pursued. *Id.* Further, because the "scope of the intrusion" must be "reasonably necessary to avert" a specific injury, the intrusion cannot be longer than necessary to avert the injury. *Id.*

Here, the Court again finds that Plaintiff has not alleged sufficient facts. Her allegations are predominantly legal conclusions. And Plaintiff does not allege how Defendants were each personally involved in depriving her of her due process rights other than providing a general description of their roles. So, the Court dismisses this claim without prejudice and with leave to amend.

***D.* Monell *liability.***

A municipality may be found liable under 42 U.S.C. § 1983 only where the municipality itself causes the violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)). To state a claim for municipal or county liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *City of Canton*, 489 U.S. at 385. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *See Connick v. Thompson*, 563 U.S. 51, 61 (2011). Municipalities are not vicariously liable under § 1983 for their employees' actions. *Id*. at 60. Municipalities can only be liable for the infringement of constitutional rights under certain circumstances. *Monell*, 436 U.S. at 690-95. "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).

Here, Plaintiff's allegations are again too conclusory to state a claim upon which relief can be granted. Plaintiff alleges that Clark County is the municipal entity responsible for DFS policies and supervision and that DFS is the child welfare agency responsible for investigations and removals. But she does not allege sufficient facts describing these entities' official policy; custom; failure to train, supervise, or discipline; or any decision by a final policymaker to

establish a claim for municipal liability. So, the Court dismisses this claim without prejudice and with leave to amend.

***E. Qualified immunity.***

Under a separate heading, Plaintiff asserts that Defendants are not entitled to qualified immunity "because it was clearly established that warrantless removal of a child without exigent circumstances violates the Fourth and Fourteenth Amendments." Qualified immunity is "immunity from suit rather than a mere defense to liability," it may be raised early to allow a defendant to avoid trial costs and the "burdens of broad-reaching discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). However, the Ninth Circuit has held that "[d]etermining claims of qualified immunity at the motion-to-dismiss stage raises special problems for legal decision making." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018). Here, because the Court finds that Plaintiff has not alleged sufficient facts to state colorable claims, it does not reach the issue of whether Defendants would be entitled to qualified immunity from those claims.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but not issue summonses.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **dismissed without prejudice and with leave to amend.** Plaintiff shall have until **November 20, 2026,** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint,

the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: October 21, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE